By the Court.—Freedman, J.
In construing the contract between the parties as a whole, the 8th section must be held to provide not for an executed license, but for an option of which the defendant may avail itself upon paying a mentioned sum. The fact that no time is fixed anywhere for the continuation of the so-called non-exclusive license, imperatively calls for that conclusion under all the circum - stances. There is no indication anywhere that it was the intention of the parties that the license should continue for the time the contract would have run, if it had not been terminated, and there is no logical connection between the duration of the license and the time fixed for the duration of the contract. In fact the license was not to come into existence until after the termination of the contract. Another difficulty is that there are quite a number of patents issued at widely different times and which consequently will expire at widely different times, *67 and that in the absence of everything showing a meeting, of minds as to a certain period, it is not reasonable to suppose that the defendant agreed to pay $6,500 per year until the expiration of the patent last issued. The most reasonable construction is that section eight gave to the defendant merely the option to use the patents on the payment of the sum of $6,500 per year, and that the time during which such use and such license were to continue, was left for future consideration and negotiation. There being no express or implied promise to pay the $6,500 per year, and no ground for implying one, the plaintiff was bound to show in his complaint that the defendant exercised the option and used the patents, or some of them.
The judgment and order should be affirmed with costs.